```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA       *

    vs.                        *   CRIMINAL NO. MJG-16-0309

STANISLAV YELIZAROV             *

*       *       *       *       *       *       *       *       *
```

MEMORANDUM AND ORDER RE: MOTIONS TO SUPPRESS

The Court has before it Defendant's Motion to Suppress Evidence [ECF No. 21] and the Motion to Suppress Evidence [Facebook Records] [ECF No. 26] and the materials submitted by the parties relating thereto.  The Court has held a hearing and has had the benefit of the arguments of counsel.

I.   BACKGROUND

On June 21, 2016, Defendant Stanislav Yelizarov was indicted, charged with committing the December 26, 2009 shooting murder of Wayne Ruder in violation of 18 U.S.C. § 924(c) and (j)(1).  The Government obtained evidence consisting of certain contents of Defendant's Facebook page pursuant to two search warrants.  The First Warrant, based upon an affidavit submitted by Baltimore County Detective Veney, was issued in early 2010 by Judge James Mann of the District Court of Maryland for Baltimore City.  The Second Warrant, based upon an affidavit submitted by Baltimore County Detective Ryan

Cooper, was issued post-indictment by Magistrate Judge Stephanie Gallagher on July 29, 2016.

The Second Warrant yielded the evidence obtained from the First Warrant, plus some additional evidence from Defendant's Facebook records.  The evidence being searched for in Detective Cooper's affidavit was broader than the First Warrant.  The affidavit sought evidence of the Defendant wearing Nike boots; in possession of weapons, jewelry, cash, other items; evidence of certain burglaries from March and April 2009 and the armed robbery from August 2009; communication with Wayne Ruder; IP addresses which would show the Defendant's approximate locations; and more.

II.  DISCUSSION

As clarified at the motion hearing, Defendant agrees that the Cooper affidavit issued post-indictment established probable cause that Defendant had committed the murder at issue.  However, Defendant contends that the affidavit did not establish probable cause to believe that the Facebook account contained evidence material to the charge at issue, and that even if it did, it was tainted by the inclusion of results from the purportedly defective First Warrant.

The Government contends that the Second Affidavit did present probable cause to believe that the Facebook account contained

material evidence, and that even if it did not, the issuance of the Second Warrant by Magistrate Judge Gallagher presents the basis for the Court to deny suppression pursuant to the good faith exception in United States v. Leon, 468 U.S. 897, 920-21 (1984).

    A. Probable Cause

The Court finds that the Second Warrant was properly issued based on the affidavit of Detective Cooper establishing probable cause to believe that Defendant had committed the murder at issue and that the Facebook account would contain material evidence. This is true even when disregarding any evidence resulting from the First Warrant.[1] The Cooper affidavit contained information from many sources, including, but not limited to, (1) interviews with friends and family of the victim, who said that the victim had planned a transaction with the Defendant shortly before the murder; (2) the Defendant's phone records showing the victim's final phone call was to Defendant; (3) a confidential informant, who said that the Defendant confessed to the murder as well as other burglaries, including burglary of the murder weapon; and more.

Detective Cooper reasonably believed that the Defendant's Facebook would contain evidence of the crime based on his training

---

[1] It is not necessary to consider whether the First Warrant was supported by probable cause because the Second Warrant resulted in the seizure of the same, and even more, evidence from Defendant's Facebook.

and experience that computer data created by an individual involved in criminal activity provides evidence of the individual's intent, activities, and whereabouts through posted text or pictures and through IP logs and other metadata. Detective Cooper had evidence that the Defendant maintained a Facebook account where he posted possibly relevant information about his criminal activity and the fruits and instrumentalities of that activity. For example, the affidavit included a post from Defendant's Facebook that read: "If you're going to live know you're going to die and if your [sic] going to kill you mind [sic] as well get drunk and stay high. Money rules the world." Cooper Aff. [ECF No. 29, Ex. B] at 6 ¶ 16. The Cooper affidavit also stated that Defendant has a history of boasting about his crimes to others, and believed that his Facebook would contain communications related to federal crimes.

Accordingly, the Second Warrant was supported by probable cause, and the evidence resulting from it should not be excluded.

### B. Good Faith Exception

Moreover, even if this Court disagreed with Magistrate Judge Gallagher's probable cause determination, it would not suppress the evidence obtained, by virtue of the Leon decision. "[S]uppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively

reasonable belief in the existence of probable cause." Leon, 468 U.S. at 926.

The Cooper affidavit resulted from an extensive investigation and provided a strong basis for the probable cause finding, and Defendant does not contend that the Cooper affidavit included any false statements warranting a Franks[2] hearing.  Nor is there any basis for the Court to find that Detective Cooper did not reasonably believe that his affidavit was sufficient to support Judge Gallagher's decision to issue the Second Warrant. See United States v. DeQuasie, 373 F.3d 509, 519-20 (4th Cir. 2004).  The Cooper affidavit and Second Warrant were not "bare bones" or "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Leon, 468 U.S. at 926.

Accordingly, the Court shall not grant the motions to suppress the evidence at issue.

The Motion to Suppress Evidence [ECF No. 21] and Motion to Suppress Evidence [Facebook Records] [ECF No. 26] are DENIED.

SO ORDERED, this Monday, July 17, 2017.

/s/_____<br>Marvin J. Garbis<br>United States District Judge

---

[2]   Franks v. Delaware, 438 U.S. 154 (1978).

5