```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA      *

       vs.                    *    CRIMINAL NO. MJG-16-0309

STANISLAV STEVEN YELIZAROV    *

*      *      *      *      *      *      *      *      *
```

MEMORANDUM AND ORDER RE: HEARING

The Court has before it: (1) the Defendant's pro se Motion to Vacate Guilty Plea and Appoint New Counsel [ECF No. 56], (2) the Government's Opposition to Defendant's Motion to Withdraw Guilty Plea [ECF No. 57], and (3) the Defendant's Reply to Government's Opposition To Defendant's Motion to Withdraw Guilty Plea [ECF No. 67], filed by counsel for Defendant, Christopher Davis. A hearing shall be held on the instant motion on March 5, 2018.

On April 19, 2016, Judge Motz issued a Judgment in United States v. Yelizarov (formerly JFM-15-261, now ELH-15-261), sentencing Defendant to a total of 360 months incarceration for pleading guilty to conspiracy to affect commerce by robbery, kidnapping, and the use, carrying and brandishing of a firearm during and in relation to a crime of violence. See United States v. Yelizarov, ELH-15-261, ECF No. 203. The charges were based upon a July 22, 2012 home invasion in Reisterstown, Maryland, a December 25, 2012 burglary of a residence in Baltimore, Maryland, and a January 16, 2013 kidnapping, carjacking, and robbery of Antony Jewelers (and its employee) of Owings Mills, Maryland. See United States v. Yelizarov, ELH-15-261, ECF No. 77.

In the instant case, Defendant Yelizarov is charged with the Use, Carry and Discharge of a Firearm During and In Relation to a Crime of Violence Causing the Death of Another (18 U.S.C. § 924(j)(1) & 924(c)).  See Indictment, ECF No. 1.  He is accused of murdering Wayne Ruder, a jeweler, who had purchased a diamond that Defendant Yelizarov had stolen, and who was believed by the Defendant to have cheated by paying the Defendant less than the diamond was worth.  Defendant Yelizarov allegedly shot Ruder at his jewelry store on December 26, 2009.

Trial in this case was scheduled to begin on Monday, September 11, 2017 [ECF No. 22].  On September 8, 2017, Defendant Yelizarov pleaded guilty to the charges in the Indictment without a plea agreement.  See Transcript of Guilty Plea, ECF No. 60.

On December 5, 2017, Defendant Yelizarov filed the instant motion seeking leave to withdraw his guilty plea.  The motion is based upon Defendant Yelizarov's essential claim that he was not provided with the effective assistance of counsel by his attorney, Michael Lawlor.  He claims that Mr. Lawlor had not properly prepared for the trial, had not given him adequate advice, and had effectively forced him to plead guilty.  Moreover, he alleges that Mr. Lawlor lied to him by saying that Defendant "would only get (5) five to 10 (ten) consecutive years, worst case scenario."  Def.'s Mot. at 2, ECF No. 56.

The September 8, 2011 transcript [ECF No. 60] reflects a proper rearraignment proceeding with Defendant Yelizarov answering questions under oath.  Defendant raises no issue regarding the

2

adequacy of the proceeding but now seeks to contradict what he said under oath in the proceeding. Defendant Yelizarov does not deny that he committed the charged murder but seeks to proceed to trial, presumably to debate whether the Government can prove him guilty beyond a reasonable doubt.

The Court recognizes that the contentions now asserted by Defendant Yelizarov may well be asserted after sentencing in a § 2255 motion. However, it will be best to have all matters presented and any factual disputes resolved now with regard to his guilty plea.

The Government does not, in its filing, provide any response by Mr. Lawlor to the accusations made against him. Yet, the Court finds that Mr. Lawlor's response could be pertinent. Moreover, there may be material factual issues to be resolved regarding the statements of the lawyer to his client. For example, did Mr. Lawlor, in fact, make the statements alleged by Defendant Yelizarov? Was Mr. Lawlor inadequately prepared to proceed to trial on the scheduled day? Did he wrongly advise Defendant Yelizarov? Is he aware of any facts relevant to a determination of whether Defendant Yelizarov's guilty plea was properly made?

The Court understands that the March 5, 2018 hearing will include the presentation of evidence. Defense counsel, Mr. Davis, states that Mr. Yelizarov will present further evidence relevant to "[his legal innocence] at the hearing on this motion." Def.'s Reply at 4, ECF No. 67. Presumably, Defendant Yelizarov will testify and be cross-examined. In addition, the Court finds it appropriate to have Mr. Lawlor testify in response to the allegations made against him

by Defendant Yelizarov.

Accordingly:

1. By March 1, each side shall file a list of witnesses and exhibits to be presented at the March 5, 2018 hearing, and shall provide the adverse party with a copy of any exhibits.

2. The Government shall issue a subpoena and obtain the presence and testimony of Michael Lawlor, Esquire.

SO ORDERED, this <u>Wednesday, February 21, 2018</u>.

<u>          /s/          </u>
Marvin J. Garbis
United States District Judge