IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA  *

    vs.  * CRIMINAL NO. MJG-16-0309

STANISLAV YELIZAROV  *

\*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM AND ORDER
RE: MOTION TO WITHDRAW GUILTY PLEA

The Court has before it Defendant Yelizarov's Motion to Vacate Guilty Plea and Appoint New Counsel [ECF No. 56] and the materials submitted relating thereto. The motion was filed pro se but the Defendant has since obtained counsel to represent him regarding the matter. The Court has held a hearing and heard evidence – including testimony - regarding the motion, and makes findings of fact stated herein based upon its evaluation of the evidence and the reasonable inferences drawn therefrom.

I. BACKGROUND

Defendant Yelizarov is charged with committing a murder during and in relation to a crime of violence for which he may be prosecuted in federal court, in violation of 18 U.S.C. § 924(c) and (j)(1). He was represented by appointed counsel, Michael Edward Lawlor, Esquire.

Trial was scheduled to begin on Monday, September 11, 2017. On the business day before trial was to begin - Friday, September 8 -

Yelizarov entered a plea of guilty to the Indictment.[1]

Nearly three months later, on December 5, 2017, Yelizarov filed the instant motion claiming that he was "forced under duress to take a guilty plea by Mr. Lawlor" and asserting that Mr. Lawlor had not provided him with adequate professional representation. Def.'s Mot. at 1, ECF No. 56.

II. LEGAL STANDARD

Rule 11(d)(2)(b) of the Federal Rules of Criminal Procedure provides:

> A defendant may withdraw a plea of guilty or nolo contendere: . . . (2) after the court accepts the plea, but before it imposes sentence if: . . . (B) the defendant can show a fair and just reason for requesting the withdrawal.

The defendant bears the burden of demonstrating a fair and just reason for the withdrawal. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). In deciding whether to grant a defendant's request to withdraw his guilty plea, the Court considers a variety of factors, including:

> "(1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary,
>
> (2) whether the defendant has credibly asserted

---

[1] Defendant Yelizarov had been scheduled to enter a guilty plea on the previous day, September 7, 2017, but declined to do so on that date.

>       his legal innocence,
>
>       (3) whether there has been a delay between the
>       entering of the plea and the filing of the
>       motion,
>
>       (4) whether defendant has had close assistance
>       of competent counsel,
>
>       (5) whether withdrawal will cause prejudice to
>       the government, and
>
>       (6) whether it will inconvenience the court and
>       waste judicial resources."

Id.


III. DISCUSSION

There is no contention by Defendant Yelizarov that the Court's Rule 11 proceeding was in any way defective. Rather, the Defendant now states that he testified falsely under oath during the Rule 11 proceeding in which he acknowledged the efforts of his attorney[2] and

---

[2] Transcript of Guilty Plea 14:10-21, ECF No. 60 (Sept. 8, 2017):

> "MR. LAWLOR: Your Honor, I tried to provide Mr. Yelizarov with effective representation as I attempt to do with all my clients. I believe I've done so. I believe that we have reviewed the evidence that the Government would be prepared to produce at a trial, including the Jencks materials which the Government has provided to us. And my recommendation to Mr. Yelizarov has been that a trial would be unlikely to result in an acquittal. And therefore, we have discussed the plea, the plea that he's entering today.
> THE COURT: Very well. Is that accurate, Mr. Yelizarov?
> THE DEFENDANT: Yes, sir."

3

admitted that the Government could prove that he intentionally shot the victim to kill him during the robbery.[3]

Accordingly, the properly conducted Rule 11 colloquy creates a "strong presumption" that the plea is final and binding. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) ("If an appropriately conducted Rule 11 proceeding is to serve a meaningful function, on which the criminal justice system can rely, it must be recognized to raise a strong presumption that the plea is final and binding.").

The Court, now having heard the testimony of Defendant Yelizarov and Mr. Lawlor regarding the attorney-client discussions at the time of the guilty plea, finds that Yelizarov has not established inadequate professional performance by his attorney and has not offered credible evidence that his plea, made under oath, was not knowing or not voluntary. Mr. Lawlor had done all that was reasonably expected of counsel in light of the Government's evidence.

---

[3] Transcript of Guilty Plea 22:11-18, ECF No. 60 (Sept. 8, 2017):

> "MR. LAWLOR: The Government has provided in discovery bank records and other records to indicate that Mr. Ruder's store operated and affected interstate commerce. And we do agree that Mr. Yelizarov shot Mr. Ruder at his place of employment, the jewelry store which was a place that acted in and affected interstate commerce and the robbery would satisfy the elements of the homicide.
> THE COURT: Mr. Yelizarov, do you agree with what your attorney just said?
> THE DEFENDANT: Yes, Your Honor.

In light of the evidence, there was no realistic possibility of an acquittal had the case proceeded to trial, and counsel's negative prognosis of the trial result was justified.  Moreover, under the abject circumstances faced by Defendant Yelizarov the day before trial, he made a reasonable choice to plead guilty to avoid the negative effect on sentencing of conviction after the full presentation of evidence at trial.

Yelizarov did not have when pleading guilty, and does not now have, have any rational basis for belief that he could avoid conviction were the case to be tried.[4]  The asserted credibility problems of certain Government witnesses were not of material value to the Defense, and Yelizarov had provided his attorney with any information that could have been usable to avoid conviction.  Mr. Lawlor did not tell Defendant Yelizarov that he was unprepared to try the case, but did provide a justified negative trial prediction and did state that he did not know how the case could successfully be defended.  Defendant Yelizarov, understandably unhappy with the situation he faced, nevertheless voluntarily and reasonably, with full knowledge of his rights, decided to plead guilty.

Moreover, there is nothing to indicate any contemporaneous dissatisfaction with the plea.  Indeed, recorded telephone

---

[4]     This set of findings includes the Court's evaluation that Defendant Yelizarov has not credibly asserted his legal innocence under the second factor of Moore.

conversations promptly after the plea with his girlfriend do not reflect that Yelizarov had any doubt or regrets about his course of action. His words and his tone in those conversations did not indicate that he felt he was forced to plead guilty under duress. It was only months later that Yelizarov decided to file the instant motion.

Were the motion to be granted and a new lawyer appointed, there is no reason to believe that a competent replacement lawyer would have a different view of the case than did Mr. Lawlor. Nor is there reason to believe that any replacement lawyer would, even now, advise Yelizarov to proceed to trial rather than to enter a plea of guilty. The evidence establishes that withdrawal of the plea would cause prejudice to the Government[5] and waste resources[6] for all involved.

For the foregoing reasons, the Court finds that Defendant Yelizarov has not shown a fair and just reason for permitting the withdrawal of the guilty plea he properly entered.

---

[5] The trial was scheduled to last at least 15 trial days, or three weeks. The Government "anticipated calling more than 30 witnesses, including a number of expert and out-of-town witnesses." Gov.'s Opp. at 12, ECF No. 57. Moreover, at least one witness who the Government deems critical has moved permanently to another country and may be unavailable to return for a trial. Id.

[6] Including the burden on the victim's family, the Court, and the jury of a multi-week trial in which there appears to be no plausible defense.

Accordingly:

1. Defendant Yelizarov's Motion to Vacate Guilty Plea and Appoint New Counsel [ECF No. 56] is DENIED.

2. The Government shall make the necessary arrangements for sentencing.

SO ORDERED, this Monday, March 12, 2018.

/s/
Marvin J. Garbis
United States District Judge