IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA         *

vs.                              *   CRIMINAL NO. MJG-16-0309

STANISLAV YELIZAROV              *

* * * * * * * * *

MEMORANDUM AND ORDER
RE: RECONSIDERATION OF MOTION TO WITHDRAW GUILTY PLEA

On March 5,[1] the Court held a hearing which included the presentation of Defendant Yelizarov's testimony regarding his Motion to Vacate Guilty Plea and Appoint New Counsel [ECF No. 56]. On March 12, the Court issued the Memorandum and Order Re: Motion to Withdraw Guilty Plea [ECF No. 77] denying the said motion.

On March 15, the Court received a letter from Defendant Yelizarov dated March 7 (in an envelope reflecting that it was mailed March 13). It was mailed and received after issuance of the March 12 Memorandum and Order and presents arguments regarding the matter resolved therein. The Court has reviewed the letter, considered it as a motion for reconsideration of the March 12 Memorandum and Order, and finds no need for a Government response or for a hearing.

The Defendant has not provided a valid basis for the Court to change the decision reached in denying his Motion to Vacate Guilty Plea [ECF No. 56]. As stated by Judge Ramsey in Weyerhaeuser Corp. v. Koppers Co., Inc.:

---

[1] All dates referenced herein are to the year 2018.

> A motion for reconsideration (or, to alter or amend judgment) made pursuant to Fed. R. Civ. P. 59(e) may be made for one of three reasons: (1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice.

771 F. Supp. 1406, 1419 (D. Md. 1991) (citations omitted).

Such a motion "cannot be used to raise arguments which could, and should, have been made before the [determination to be reconsidered was] issued." Fed. Deposit Ins. Corp. v. Meyer, 781 F. 2d 1260, 1268 (7th Cir. 1986) (citation omitted). Stated differently, a "motion to reconsider is not a license to reargue the merits or present new evidence." Gray-Hopkins v. Prince George's Cnty., Md., 201 F. Supp. 2d 523, 524 (D. Md. 2002) (quoting Royal Ins. Co. of Am. v. Miles & Stockbridge, P.C., 142 F. Supp. 2d 676, 677 n. 1 (D. Md. 2001)).

The letter motion does not present arguments or evidence that leads the Court to reconsider and change its decision of March 12. Nor is there a valid basis to reopen the hearing so that Defendant Yelizarov could testify again and be subjected to cross-examination on his allegations. He did not - and does not - have a plausible basis to contend that he is not guilty or that he could be found not guilty if he proceeded to trial. Nor has he presented a basis for

the Court to find that his guilty plea was improperly made or improperly accepted by the Court.

Accordingly:

1. The Clerk shall file and docket the letter dated March 7, 2018 as a Motion for Reconsideration filed by Defendant Yelizarov.

2. The said motion is hereby DENIED.

SO ORDERED, this Thursday, March 22, 2018.

/s/
Marvin J. Garbis
United States District Judge